56.6156

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| WEST BEND INSURANCE COMPANY, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No.: 1:26-cv-1261 |
| | ) |
| THE MCLEAN COUNTY CENTER FOR | ) |
| HUMAN SERVICES, INC., MYRANDA A. | ) |
| WHITMAN, A.P.N., and CATHERINE | ) |
| CANNON, as Administrator of the Estate of | ) |
| MICHAEL CANNON, Deceased, | ) |
| | ) |
| *Defendants.* | ) |

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

The Plaintiff, WEST BEND INSURANCE COMPANY ("WEST BEND"), by and through its attorneys, Peter G. Syregelas and Thomas J. A. Weller of Lindsay, Pickett, & Postel, LLC, hereby submits its complaint for declaratory judgment (pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*) against the defendants, THE MCLEAN COUNTY CENTER FOR HUMAN SERVICES, INC. ("the Center"), MYRANDA A. WHITMAN, A.P.N. ("Whitman"), and CATHERINE CANNON, as Administrator of the Estate of MICHAEL CANNON, Deceased.

### <u>Introduction</u>

1.     West Bend seeks a declaration that it does not owe any duty to defend or indemnify the Center or its employee Myranda Whitman on policies of insurance issued by West Bend to the Center with respect to an underlying lawsuit styled as *Catherine Cannon v. Myranda A. Whitman, A.P.N.*, *et al.*, case no. 25 LA 60, and currently pending in the Circuit Court for the Eleventh Judicial Circuit in McLean County, Illinois (the "underlying lawsuit"). That lawsuit alleges, in sum, that the negligent acts and omissions

of the Center and its employees, including Whitman, with regard to their administration and management of Michael Cannon's clozapine medication resulted in his death. Coverage A – Bodily Injury and Property Damage of the West Bend policies' commercial general liability coverage forms provide no coverage to the Center or Whitman for the lawsuit because: (1) The Estate's claim for damages was not first made against an insured during two of the West Bend policies' policy periods; (2) the "Services Furnished By Health Care Providers" exclusion applies; (3) the Center and Whitman breached the policy's notice conditions; and (4) pursuant to Section II – Who Is An Insured, the policies do not provide coverage as to Whitman for "bodily injury" arising out of her providing or failing to provide professional health care services. The West Bend policies' professional liability coverage does not apply because: (1) the alleged damages did not occur during two of the West Bend policies' policy periods; (2) the underlying complaint does not allege "professional injury"; (3) the underlying complaint alleges damages that do not constitute or arise directly out of a professional activity undertaken on the Center's behalf by a "covered person"; (4) exclusion **5.** for liability arising out of the operation of any hospital, sanatorium, medical clinic, or any other laboratory, applies; (5) exclusion **7.** for liability arising out of the furnishing or failure to furnish professional services by a physician, nurse practitioner, or physician's assistant, applies; and (6) the Center and Whitman breached the policy's notice conditions. Coverage A – Bodily Injury and Property Damage of the West Bend policies' commercial liability umbrella coverage forms provide no coverage to the Center or Whitman for the lawsuit because: (1) The Estate's claim for damages was not first made against an insured during two of the West Bend policies' policy periods; (2) the bodily injury alleged in the underlying complaint is not subject to an applicable "retained

limit" specified in the schedule of underlying insurance; (3) the professional services exclusion applies; and (4) the Center and Whitman breached the policy's notice conditions.

## The Parties

2.     West Bend is a stock corporation organized under the laws of Wisconsin, with its principal place of business in West Bend, Wisconsin. West Bend is a citizen of Wisconsin.

3.     The Center is an Illinois corporation, with its principal place of business in Bloomington, Illinois. The Center is a citizen of Illinois.

4.     Upon information and belief, Myranda Whitman is an Illinois citizen who resides in Bloomington, Illinois.

5.     Upon information and belief, Michael Cannon was an Illinois citizen who resided in Bloomington, Illinois.

6.     Pursuant to 28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent. Catherine Cannon, as Administrator of Michael Cannon's estate, is therefore a citizen of Illinois.

7.     Catherine Cannon is a "necessary party" to this action under applicable state law and may therefore be a "required party" under FRCP 19, in that she may have an interest in the subject matter of this action. West Bend seeks no relief from Catherine Cannon, other than to the extent, if any, that she is interested in the subject matter of this action, that she be bound by the judgment sought herein. If Catherine Cannon, by a duly authorized representative, will sign a stipulation to that effect, then West Bend would be willing to voluntarily dismiss her as a defendant.

## Jurisdiction and Venue

8.      The jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to this claim occurred in this district.

10.     Michael Cannon's medical care by the Center and Whitman, the subject of the underlying litigation, occurred in Bloomington, Illinois, and the West Bend policies were issued to the Center in Bloomington, Illinois, which is in McLean County, which is located within the Peoria Division of the United States District Court for the Central District of Illinois.

### The Underlying Litigation

11.     On April 6, 2026, Catherine Cannon, as Administrator of the Estate of Michael Cannon, deceased, filed her first amended complaint against The McLean County Center For Human Services, Inc. and Myranda A. Whitman, A.P.N., Individually and as Agent and/or Employee of the Center., case no. 25 LA 60, in the Circuit Court for the Eleventh Judicial Circuit, McLean County, Illinois ("the underlying complaint"). A true and correct copy of the underlying complaint is attached hereto as **Exhibit A**.

12.     The underlying complaint alleges one count under the Wrongful Death Act (Count I) and one count under the Survival Act (Count II) against the Center, and one count under the Wrongful Death Act (Count III) and one count under the Survival Act (Count IV) against Whitman.

13.     The underlying complaint alleges that the Center is an operator and licensee of a healthcare facility providing various treatments including management of medication

and mental health services, located at 108 Market Street in Bloomington, Illinois.  **Ex. A**, Count I, ¶ 1.

14.     The underlying complaint alleges that on and prior to April 13, 2024, Michael Cannon was a person receiving medical care and treatment, including medication management, from the Center by and through its agents and/or employees, including medical directors, physicians, nurses, and personnel. **Ex. A**, Count I, ¶¶ 4-6.

15.     The underlying complaint alleges that on and prior to April 13, 2024, Whitman was licensed in the State of Illinois as an Advanced Practice Nurse and was an employee of the Center. **Ex. A**, Count III, ¶ 2.

16.     The underlying complaint alleges that the Center's agents and employees owed Michael Cannon a general and special duty of care in his medical care and treatment including the administration and management of his medication. **Ex. A**, Count I, ¶ 8.

17.     The underlying complaint alleges that on and prior to April 13, 2024, Michael Cannon was prescribed and regularly used the drug otherwise known as clozapine to treat his condition. **Ex. A**, Count I, ¶ 9.

18.     The underlying complaint alleges that the Center and its agents and employees were required to monitor and manage Michael Cannon's use of clozapine, such as by performing regular testing, blood draws, and lab work. **Ex. A**, Count I, ¶¶ 10-11.

19.     The underlying complaint alleges that the Center and its agents and employees, including Whitman, negligently performed their duties, such as by failing to take appropriate measures to prevent clozapine overdose, failing to follow proper protocol for prescribing and monitoring clozapine in Michael Cannon, and failing to order proper

periodic complete blood work to include kidney and liver function. **Ex. A**, Count I, ¶¶ 12-13.

20.     The underlying complaint alleges that, as a direct and proximate result of these failures and/or omissions, Michael Cannon suffered physical injury and death on April 13, 2024. **Ex. A**, Count I, ¶¶ 14-16.

### The West Bend Policies

21.     West Bend Insurance Company[1] issued three commercial lines policies, policy nos. 0763718 17, 0763718 18, and 0763718 19 respectively, each effective for a one-year period during an overall period of July 1, 2023 through July 1, 2026 ("the West Bend policies"). True and correct copies of the West Bend policies are attached hereto as **Exhibit B**, **Exhibit C**, and **Exhibit D**, respectively.

22.     The West Bend policies list the Center as the named insured on the Declarations pages. The material provisions of the policies are set forth below.

23.     The West Bend policies include commercial general liability ("CGL") coverage parts with liability limits of $1,000,000 per claim. The policies' CGL coverage parts provide, in relevant part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**COVERAGES A AND B PROVIDE CLAIMS-MADE COVERAGE.
PLEASE READ THE ENTIRE FORM CAREFULLY.**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE
LIABILITY**

    **1.    Insuring Agreement[2]**

---

[1] The 2023-2024 and 2024-2025 policies were issued by "West Bend Mutual Insurance Company." This entity is now known as "West Bend Insurance Company."
[2] As modified by the Plus Pak – Liability endorsement form WB 2000 GL 01 18.

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.\*\*\*

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" \*\*\*;

**(2)** The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

**(3)** A claim for damages because of the "bodily injury" or "property damage" is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or any Extended Reporting Period we provide under Section **V** – Extended Reporting Periods.

**c.** A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

**(1)** When notice of such claim is received and recorded by any insured or by us, whichever comes first; or

**(2)** When we make settlement in accordance with Paragraph **a.** above.

All claims for damages because of "bodily injury" to the same person, including damages claimed by any person or organization for care, loss of services, or death resulting at any time from the "bodily injury", will be deemed to have been made at the time the first of those claims is made against any insured.

\*\*\*

7

**f.**     Knowledge that "Bodily Injury" or "Property Damage" has occurred or knowledge of a claim or suit by an agent or employee of any insured shall not in itself constitute knowledge of the insured unless your partners, executive officers, directors, managers, members or a person, who has been designated by them to receive reports of occurrences, offenses, claims or suits shall have received such notice from the agent or employee.

*** 

## SECTION II – WHO IS AN INSURED

**1.**     If you are designated in the Declarations as:

*** 

**d.**     An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

**2.**     Each of the following is also an insured:[3]

**a.**     Your employees, volunteer workers, students in training and medical directors but only for acts within the scope of their employment, or scope of duties as a medical director, students in training or volunteers. We will not provide coverage for: ***

(2) "Bodily injury" *** arising out of his or her providing or failing to provide professional health care services[.]***

*** 

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

**2.**     **Duties in The Event Of Occurrence, Offense, Claim or Suit**

**a.**     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

---

[3] As modified by the Additional Insured – Health Care Facility Volunteer Workers, Medical Directors, Students In Training endorsement form NS 0023 09 01.

> **(1)** How, when and where the "occurrence" or offense took place;
>
> **(2)** The names and addresses of any injured persons and witnesses; and
>
> **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.
>
> Notice of an "occurrence" or offense is not notice of a claim.

**b.**    If a claim is received by any insured, you must:

> **(1)** Immediately record the specifics of the claim and the date received; and
>
> **(2)** Notify us as soon as practicable.
>
> You must see to it that we receive written notice of the claim as soon as practicable.

**c.**    You and any other involved insured must:

> **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or a "suit"; ***

***

## SECTION V – DEFINITIONS

**3.[4]**    "Bodily injury" means bodily injury, sickness or disease sustained by a person. This includes mental anguish or death resulting from bodily injury, sickness or disease.

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

## EXCLUSION – SERVICES FURNISHED BY HEALTH CARE PROVIDERS

This endorsement modifies insurance provided under the

---

[4] As modified by the Plus Pak – Liability endorsement form WB 2000 GL 01 18.

following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Description Of Operations: |
| --- |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** \*\*\*:

With respect to any operation shown in the Schedule, this insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.** The rendering or failure to render:

    **a.** Medical \*\*\* or nursing service, treatment, advice or instruction \*\*\*;

    **b.** Any health or therapeutic service, treatment, advice or instruction[.]\*\*\*

**2.** The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances;\*\*\*

\*\*\*

24.    The West Bend policies' CGL coverage parts include professional liability coverage, added by endorsement. The professional liability coverage has liability limits of $1,000,000 for each professional injury and an aggregate limit of $2,000,000. The professional liability coverage provides, in relevant part, as follows:

**PROFESSIONAL LIABILITY COVERAGE**

This endorsement modifies insurance provided under the

following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| |
|---|
| **Profession(s) Related To:**<br>Caregivers |
| **Each Professional Injury Limit:** $1,000,000 |
| **Aggregate Limit:** $2,000,000 |

Unless specifically stated in this endorsement, all terms, conditions, exclusions and definitions of the Commercial General Liability Coverage Form apply.

**A. COVERAGE**

The following is added to **Section I – Coverages**:
**COVERAGE D – PROFESSIONAL LIABILITY**

We will pay those sums that the insured becomes legally obligated to pay as damages because of "professional injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "professional injury" to which this insurance does not apply.***

During this policy term you may extend coverage to professions other than those shown in the Schedule, provided that the profession is new to your operation during the policy term. Any added profession is subject to all the exclusions and conditions of this policy. The damages:

1. must constitute, or arise directly out of a professional activity undertaken on your behalf by a "covered person".

2. Must take place in the "coverage territory", during the policy period.

3. No coverage is provided for professional liability except as provided herein, under this Coverage Form.

11

**B. LIMITS OF INSURANCE**

The following is added with respect to the professional liability coverage provided by this endorsement:

The Each Professional Injury Limit shown in the Schedule is the most we will pay for all losses arising out of a "professional injury" resulting from the activity of a profession shown in the Schedule.***

**C. EXCLUSIONS**

The following exclusions are added with respect to Professional Liability Coverage only:***

**5.** liability arising out of the operation of any hospital, sanatorium, medical clinic, or any other laboratory;

***

**7.** liability arising out of the furnishing or failure to furnish professional services by [a] *** physician, *** nurse practitioner, *** or physician's assistant.

However, with respect to you and your employees only, this exclusion does not apply to:

**a.** the professions of physician, nurse practitioner, psychiatrist, osteopath, or physician's assistant, but only with respect to actions performed within the scope of their employment as employees for hospice operations of the Named Insured and only to the extent of their services as caregivers;***

Insurance provided by Paragraphs **a.** and **b.** above is excess over any other insurance, whether such insurance is written on a primary, excess, contingent or other basis.

***

**D. DEFINITIONS**

The following definitions are added with respect to the profession(s) shown in the Schedule:

**1.** "Covered person" means you, your employee or your volunteer who:

**a.** has been trained through obtaining educational degrees to perform the activities of one or more of the profession(s) named on this form or any others listed by endorsement;

12

  **b.** is authorized by you to engage in the profession(s) as named on this form or any others listed by endorsement; and

  **c.** is properly licensed and/or certified by the applicable governing body to practice the professions named on this form;

but only for acts within the scope of their employment by you.

**2.** "Professional injury" means any act, error or omission of the insured arising out of the activities of the professions(s) shown in the Schedule.

***

25. The West Bend policies include commercial liability umbrella coverage parts with liability limits of $5,000,000 per occurrence. The policies' commercial liability umbrella coverage parts provide, in relevant part, as follows:

**COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

  **1.**  **Insuring Agreement[5]**

   **a.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. \*\*\* However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.\*\*\*

   **b.** This insurance applies to "bodily injury" or "property damage" that is subject to an applicable

---

[5] As modified by the Illinois Changes – Underlying Claims-Made Coverage endorsement form CU 27 05 04 13.

13

"retained limit". If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury" or "property damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "underlying insurance".

c.    This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" ***;

(2) The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in the Declarations of the "underlying insurance" or after the end of the policy period; and

(3) A claim for damages because of the "bodily injury" or "property damage" is first made against any insured, in accordance with Paragraph **d.** below, during the policy period or any Extended Reporting Period we provide under Extended Reporting Periods.

d.    A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

(1) When notice of such claim is received and recorded by any insured or by the "underlying insurer" or us if the limits of the "underlying insurance" have been used up, whichever comes first; or

(2) When we make settlement in accordance with Paragraph **1.a.** above, or settlement is made by the "underlying insurer" with our agreement.

e.    All claims for damages because of "bodily injury" to the same person, including damages claimed by any person or organization for care, loss of services, or death resulting at any time from the "bodily injury", will be deemed to have been made at the time the first of those claims is made against any insured.

*** 

14

**2.    Exclusions**
This insurance does not apply to:

\*\*\*

**s.  Professional Services**
"Bodily injury" or "property damage" due to rendering of or failure to render any professional service. This includes but is not limited to:

**(5)** Medical, \*\*\* or nursing services treatment, advice or instruction;

**(6)** Any health or therapeutic service treatment, advice or instruction.

\*\*\*

This exclusion does not apply to the extent that valid "underlying insurance" for the rendering or failure to render any professional services exists or would have existed but for the exhaustion of underlying limits.

\*\*\*

## SECTION II – WHO IS AN INSURED

**1.**    Except for liability arising out of the ownership, maintenance or use of "covered autos":

**a.**    If you are designated in the Declarations as:\*\*\*

**(4)** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.\*\*\*

**b.**    Each of the following is also an insured:

**(1)** Your \*\*\* "employees", other than \*\*\* your "executive officers" \*\*\* but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.\*\*\*

\*\*\*

15

## SECTION IV – CONDITIONS

**3.**     **Duties in The Event Of Occurrence, Offense, Claim or Suit**

**a.**     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense, regardless of the amount, which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.**     If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.**     You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit"; ***

***

## SECTION V – DEFINITIONS

**3.**     "Bodily injury" means bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury."

**13.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16

**19.** "Retained limit" means the available limits of "underlying insurance" scheduled in the Declarations or the "self-insured retention", whichever applies.

**24.** "Underlying insurance" means any policies of insurance listed in the Declarations under the Schedule of "underlying insurance".

\*\*\*

26. There may be other material provisions in the policies and West Bend reserves the right to plead them in the future.

### Coverage Allegations

### COUNT I
### No Duty to Defend or Indemnify the Center under the West Bend Policies

27. West Bend restates and incorporates the allegations in paragraphs 1 through 26, as if set forth fully herein.

28. West Bend does not owe the Center a duty to defend or indemnify under Coverage A – Bodily Injury and Property Damage of the West Bend policies' CGL coverage forms for one or more of the following reasons, pleading hypothetically or in the alternative:

  a. There is no coverage under the 2023-2024 and 2024-2025 policies because the Estate's claim for damages was not first made against an insured during those policies' policy periods and the extended reporting periods are inapplicable.

  b. The "Services Furnished By Health Care Providers" exclusion, added by endorsement, applies.

  c. The Center breached the CGL coverage form's notice conditions **2.a.**, **2.b.**, and/or **2.c.**

29. West Bend does not owe the Center a duty to defend or indemnify under the policies' professional liability coverage for one or more of the following reasons, pleading hypothetically or in the alternative:

17

a.  There is no coverage under the 2024-2025 and 2025-2026 policies because the damages alleged in the underlying complaint did not occur during those policy periods.

b.  The underlying complaint does not allege "professional injury."

c.  The underlying complaint alleges damages that do not constitute or arise directly out of a professional activity undertaken on the Center's behalf by a "covered person.".

d.  Exclusion **5.**, for liability arising out of the operation of any hospital, sanatorium, medical clinic, or any other laboratory, applies.

e.  Exclusion **7.**, for liability arising out of the furnishing or failure to furnish professional services by a physician, nurse practitioner, or physician's assistant, applies.

f.  Exception **a.** to Exclusion **7.** does not apply because the Center does not perform hospice operations.

g.  The Center breached the CGL coverage form's notice conditions **2.a.**, **2.b.**, and/or **2.c.**, which apply to the professional liability coverage.

30.    West Bend does not owe the Center a duty to defend or indemnify under Coverage A – Bodily Injury and Property Damage of the West Bend policies' commercial liability umbrella coverage forms for one or more of the following reasons, pleading hypothetically or in the alternative:

a.  There is no coverage under the 2023-2024 and 2024-2025 policies because the Estate's claim for damages was not first made against an insured during those policies' policy periods and the extended reporting periods are inapplicable.

b.  The bodily injury alleged in the underlying complaint is not subject to an applicable "retained limit" specified in the schedule of underlying insurance.

c.  The professional services exclusion, exclusion **s.**, applies.

d.  The exception to exclusion **s.** does not apply because there is no valid "underlying insurance" for the rendering or failure to render any professional service with regard to the underlying complaint.

18

e. The Center breached the commercial liability umbrella coverage form's notice conditions **3.a.**, **3.b.**, and/or **3.c.**

31. To the extent there are other bases on which West Bend can properly deny coverage, West Bend reserves the right to plead them in the future.

32. The above allegations are, on information and belief, denied by the Center, which in turn contends that the West Bend policies provide coverage for the allegations of the underlying complaint. West Bend, in turn, denies contrary contentions of the Center and each of them.

33. By reason of the foregoing, an actual and justiciable controversy exists between West Bend, on one hand, and the Center, on the other, which may be determined by a judgment or order of this Court. Pursuant to the terms of the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the plaintiff, WEST BEND INSURANCE COMPANY, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, finding and declaring that West Bend owes no duty to defend or indemnify defendant, THE MCLEAN COUNTY CENTER FOR HUMAN SERVICES, INC., under its policies, with respect to the underlying complaint filed against it on behalf of CATHERINE CANNON, as Administrator of the Estate of MICHAEL CANNON, Deceased, and for such other and further relief as the court shall deem just.

## COUNT II
### No Duty to Defend or Indemnify Myranda Whitman under West Bend Policies

34.    West Bend restates and incorporates the allegations in paragraphs 1 through 26, as if set forth fully herein.

35.    West Bend does not owe Whitman a duty to defend or indemnify under Coverage A – Bodily Injury and Property Damage of the West Bend policies' CGL coverage forms for one or more of the following reasons, pleading hypothetically or in the alternative:

    a.    There is no coverage under the 2023-2024 and 2024-2025 policies because the Estate's claim for damages was not first made against an insured during those policies' policy periods and the extended reporting periods are inapplicable.

    b.    The "Services Furnished By Health Care Providers" exclusion, added by endorsement, applies.

    c.    Pursuant to Section II – Who Is An Insured, the policies do not provide coverage as to Whitman for "bodily injury" arising out of her providing or failing to provide professional health care services.

    d.    Whitman breached the CGL coverage form's notice conditions **2.c.**

36.    West Bend does not owe Whitman a duty to defend or indemnify under the policies' professional liability coverage for one or more of the following reasons, pleading hypothetically or in the alternative:

    a.    There is no coverage under the 2024-2025 and 2025-2026 policies because the damages alleged in the underlying complaint did not occur during those policy periods.

    b.    The underlying complaint does not allege "professional injury."

    c.    The underlying complaint alleges damages that do not constitute or arise directly out of a professional activity undertaken on the Center's behalf by a "covered person.".

20

   d. Exclusion **5.**, for liability arising out of the operation of any hospital, sanatorium, medical clinic, or any other laboratory, applies.

   e. Exclusion **7.**, for liability arising out of the furnishing or failure to furnish professional services by a physician, nurse practitioner, or physician's assistant, applies.

   f. Exception **a.** to Exclusion **7.** does not apply because Whitman did not perform hospice operations for the Center. Even if she did, any coverage provided pursuant to this exception would be excess over any other insurance.

   g. Whitman breached the CGL coverage form's notice condition **2.c.**, which applies to the professional liability coverage.

37. West Bend does not owe Whitman a duty to defend or indemnify under Coverage A – Bodily Injury and Property Damage of the West Bend policies' commercial liability umbrella coverage forms for one or more of the following reasons, pleading hypothetically or in the alternative:

   a. There is no coverage under the 2023-2024 and 2024-2025 policies because the Estate's claim for damages was not first made against an insured during those policies' policy periods and the extended reporting periods are inapplicable.

   b. The bodily injury alleged in the underlying complaint is not subject to an applicable "retained limit" specified in the schedule of underlying insurance.

   c. The professional services exclusion, exclusion **s.**, applies.

   d. The exception to exclusion **s.** does not apply because there is no valid "underlying insurance" for the rendering or failure to render any professional service with regard to the underlying complaint.

   e. Whitman breached the commercial liability umbrella coverage form's notice condition **3.c.**

38. To the extent there are other bases on which West Bend can properly deny coverage, West Bend reserves the right to plead them in the future.

39.    The above allegations are, on information and belief, denied by Whitman, who in turn contends that the West Bend policies provide coverage for the allegations of the underlying complaint. West Bend, in turn, denies contrary contentions of Whitman and each of them.

40.    By reason of the foregoing, an actual and justiciable controversy exists between West Bend, on one hand, and Whitman, on the other, which may be determined by a judgment or order of this Court. Pursuant to the terms of the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the plaintiff, WEST BEND INSURANCE COMPANY, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, finding and declaring that West Bend owes no duty to defend or indemnify defendant, MYRANDA A. WHITMAN, A.P.N., under its policies, with respect to the underlying complaint filed against her on behalf of CATHERINE CANNON, as Administrator of the Estate of MICHAEL CANNON, Deceased, and for such other and further relief as the court shall deem just.

Respectfully submitted,
**LINDSAY, PICKETT & POSTEL, LLC**

By:    /s/ *Peter G. Syregelas*                .
One of the attorneys for Plaintiff,
WEST BEND INSURANCE
COMPANY

22

Peter G. Syregelas
psyregelas@lpplawfirm.com
312-970-5661
Thomas J. A. Weller
tweller@lpplawfirm.com
312-767-0345
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
Fax: (312) 629-1404